IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 23-31-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL DAVIS BRYANT, | |
| Defendant. | |

Defendant Michael Davis Bryant moves unopposed to continue his trial date and all attendant deadlines for sixty days. (Doc. 16.) He has waived his speedy trial rights through June 10, 2023.[1] (*See* Doc. 17 at 1–2.) Trial is currently set for April 8, 2024. (Doc. 14.)

A district court may grant a continuance and exclude the time period from the calculation of the speedy trial deadline when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice" continuance is appropriate, a district court must consider, *inter alia*,

---

[1] Counsel must file a waiver signed by defendant as ordered below.

1

whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the failure to grant the continuance in a case that is not unusual or complex would nonetheless deny counsel the reasonable time necessary for effective preparation. § 3161(h)(7)(B)(i), (ii), (iv). An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). The time is properly excluded only if the court makes findings pursuant to § 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Here, Bryant seeks a continuance on the basis that this "is a complex drug case involving multiple jurisdictions, witnesses, and law enforcement agencies." (Doc. 17 at 2.) More specifically, counsel indicates that there are numerous witnesses that need to be located and that Bryant is being held in Great Falls, which necessitates a significant amount of travel time. (*See id.* at 2–3, 5–7.) A continuance of sixty days is therefore warranted to prevent a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i), and to permit the parties reasonable time necessary for effective preparation, *id.* § 3161(h)(7)(B)(iv). However, **no further continuances will be granted.**

2

IT IS ORDERED that the defendant's unopposed motion (Doc. 16) is GRANTED as follows:

(1) The previous trial date and deadlines (*see* Doc. 14) are VACATED.

(2) The following schedule shall govern further proceedings in this matter:

- Trial Date[2]: **June 3, 2024, at 9:00 a.m.**
  Russell Smith Courthouse
  Missoula, Montana

- Motion deadline: May 1, 2024

- Expert disclosure deadline: May 1, 2024

- Plea agreement deadline: May 23, 2024

- JERS deadline: May 28, 2024

- Jury instructions and
  trial briefs deadline: May 29, 2024

This schedule must be strictly adhered to by the parties. The February 7, 2024 Scheduling Order (Doc. 14) shall remain in full force and effect in all other respects.

IT IS FURTHER ORDERED that the time between April 8, 2024, and June 3, 2024, is excluded from the calculation of the speedy trial deadline pursuant to 18 U.S.C. § 3161(h)(7)(B).

IT IS FURTHER ORDERED that on or before April 8, 2024, counsel must

---

[2] **Counsel shall appear in chambers a half hour before the scheduled trial.**

3

file a waiver of speedy trial signed by the defendant. If a signed waiver is not filed by that date, this Order will be rescinded, and trial will be set for the next available trial setting.

DATED this 29th day of March, 2024.

_____
Donald W. Molloy, District Judge
United States District Court

*No more continuances should be requested because such requests will be DENIED.*