IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL DAVIS BRYANT, <br><br> Defendant. | CR 23-31-M-DWM <br><br><br> ORDER |

On April 26, 2023, Defendant Michael Davis Bryant was charged by indictment with one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). (Doc. 1.) Bryant was not arrested until December 2023, (*see* Doc. 6), and trial was set for April 8, 2024, (Doc. 14). Bryant requested a continuance, citing the existence of numerous witnesses and the need for more time to prepare. (Doc. 16.) That motion was granted, and trial was reset for June 3, 2024. (Doc. 18.) On April 24, 2024, Bryant was charged by superseding indictment with an additional count of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846, (Doc. 20); however, the June 3 trial setting remained the same.

1

On May 23, 2024, the government filed the present motion, seeking to continue the June 3 trial due to the unavailability of certain cooperating witnesses. (Doc. 28.) More specifically, the government indicates that its primary cooperating witness is refusing to testify and that the government's alternative witnesses are being held by the Bureau of Prisons in Seattle and cannot be transported in time for trial. (*See* Doc. 29 at 3.) The government's motion is granted over Bryant's objection.

Under the Speedy Trial Act, a federal criminal trial must commence within 70 days of the filing of an information or indictment or the defendant's initial appearance.[1] 18 U.S.C. § 3161(c)(1). However, the Act allows a district court to exclude certain periods of delay from this time limit based on specific statutory exclusions. *Zedner v. United States*, 547 U.S. 489, 497 (2006). Two of those exclusions are met here.

First, a trial court may exclude the time period of the continuance from the defendant's speedy trial calculation when an essential witness is unavailable or absent. 18 U.S.C. § 3161(h)(3)(A). A court invoking § 3161(h)(3) need not make an explicit finding to justify the delay; rather, "[a]ll that the essential witness

---

[1] Because Bryant's superseding indictment charges conspiracy, a new seventy-day clock began to run for the conspiracy charge. *See United States v. Thomas*, 726 F.3d 1086, 1091 (9th Cir. 2013) (explaining that double jeopardy does not require that a defendant be tried for both possession with intent to distribute and conspiracy in at the same time).

2

exclusion requires are findings that a witness is either absent or unavailable and also essential." *United States v. Porchay*, 651 F.3d 930, 938 (8th Cir. 2011). A witness is unavailable when "his whereabouts are known but his presence for trial cannot be obtained by due diligence . . . ." 18 U.S.C. § 3161(h)(3)(B). "A witness is 'essential' if he is unquestionably important to the case and the government has a good faith belief that it will use that witness's testimony at trial." *Porchay*, 651 F.3d at 939 (internal quotation marks omitted). Here, the government has shown both unavailability and necessity. The government explained that while it did not originally intend to rely on these witnesses, recent developments regarding its primary cooperating witness required the government to change its trial strategy. And, as soon as the government knew it needed them, it reached out to the United States Marshal's Service to arrange transport. Because transport is not possible by June 3 despite the government's diligence, the government's now-essential cooperating witnesses are considered unavailable under § 3161(h)(3).

Second, a district court may also grant a continuance and exclude the time period from the calculation of the speedy trial deadline when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice" continuance is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance will result in a miscarriage of

justice. *Id.* § 3161(h)(7)(B)(i). An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). The time is properly excluded only if the court makes findings pursuant to § 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Here, as discussed above, the government seeks a continuance of no more than 60 days to secure the appearance of necessary witnesses. The failure to allow such a continuance would "result in a miscarriage of justice" as it would prevent the government from presenting its case despite its diligence in attempting to get witnesses here for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i). However, weighing that request against Bryant's speedy trial right, a more limited continuance of 30 days is warranted. Additionally, only the trial date will be reset; all other deadlines remain in place.

Accordingly, IT IS ORDERED that the government's motion (Doc. 28) is GRANTED as follows:

(1) The previous trial date (*see* Doc. 18) is VACATED.

(2) The jury trial in this matter is reset as follows:

- Trial Date[2]: **July 9, 2024, at 9:00 a.m.**
  Russell Smith Courthouse
  Missoula, Montana

---

[2] **Counsel shall appear in chambers a half hour before the scheduled trial.**

4

This schedule must be strictly adhered to by the parties. The March 29, 2024, Scheduling Order (Doc. 18) remains in full force and effect in all other respects.

IT IS FURTHER ORDERED that the time between June 3, 2024, and July 9, 2024, is excluded from the calculation of the speedy trial deadline pursuant to 18 U.S.C. § 3161(h)(3) and (h)(7)(B)(i).

IT IS FURTHER ORDERED that the government's motion for a writ of habeas corpus ad testificandum for the June 3 trial (Doc. 27) is DENIED as MOOT. The government may seek a new writ, if appropriate, for the July 9 trial date.

DATED this 24th day of May, 2024.

_____
Donald W. Molloy, District Judge
United States District Court